ALEXIS GALINDO (State Bar No. 136643)
CURD GALINDO & SMITH LLP
301 East Ocean Blvd., Suite 1700
Long Beach, CA 90802-4828
Telephone:  (562) 624-1177
Facsimile:   (562) 624-1178
Email:agalindo@cgsattys.com

<u>Attorneys for Plaintiffs</u>
Nicole Lynn Lowe; Brant I. Lowe. Sandra Jean Susnara; Individually and as
Successor in Interest of Nathaniel Lee Lowe; Nathaniel Lee Lowe, Deceased through
his Successor in Interest, Sandra Jean Susnara.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE LYNN LOWE; BRANT I. LOWE; SANDRA JEAN SUSNARA, individually and as Successor in Interest of NATHANIEL LEE LOWE; NATHANIEL LEE LOWE DECEASED, through his Successor in Interest, SANDRA JEAN SUSNARA; <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF BUTTE through its Dept of Probation and Sheriff's Dept; KORY L. HONEA, Individually and in his official capacity as Butte County Sheriff; ROBERT BURTON, Individually and in his official capacity as Warden of DVI; MARIANA DOMINGUEZ; CALIFORNIA FORENSIC MEDICAL GROUP, INC; WELLPATH HOLDINGS, INC; TAYLOR FITHIAN, M.D.; JOHN BAKER, M.D.; HEATHER BROOKS, LFMT; Corrections Staff and Supervisors, <br><br> Defendants. | **CASE NO:** <br><br> **COMPLAINT  FOR DAMAGES AND DEMAND FOR JURY TRIAL** <br><br> 1. 42 U.S.C. § 1983 – Civil Rights Violations <br> 2. 42 U.S.C. § 1983 – Supervisory Liability <br> 3. 42 U.S.C. § 1983 – Monell <br> 4. California Civil Code § 52.1 (b) – State Civil Rights Violations <br> 5. 42 U.S.C. §12132, 28 C.F.R. §35, et seq., and 29 U.S.C. § 794, et seq. – A.D.A. and Rehabilitation Act Violations <br> 6. California Govt Code §845.6 – Failure to Summon Medical Care <br> 7. Negligence <br> 8. Medical Negligence <br> 9. Substantive Due Process <br> 10. California Govt Code §845.6 – Failure to Summon Medical Care <br> 11. 42 U.S.C. § 1983 – Civil Rights Violations <br> 12. 42 U.S.C. § 1983 – Civil Rights Violations <br> 13. Medical Negligence |

Plaintiffs, by and through their attorneys, CURD, GALINDO & SMITH, LLP, submit the following Complaint against Defendants, and state as follows:

## JURISDICTION

1. This Complaint is a civil rights wrongful death/survival action arising under 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act ("ADA") – 42 U.S.C. § 12132 and 28 C.F.R. §35, et seq., the Rehabilitation Act ("RA") – 29 U.S.C. § 794, et seq., and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, to hear and decide claims arising under state law. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

## INTRADISTRICT ASSIGNMENT

2. A substantial part of the events and/or omissions complained of herein occurred in the CDCR of San Joaquin, California, and this action is properly assigned to the Sacramento Division of the United States District Court for the Eastern District of California.

## PARTIES AND PROCEDURE

3. Plaintiff, SANDRA JEAN SUSNARA, the biological mother of NATHANIEL LEE LOWE  brings these claims individually for wrongful death and violation of her personal rights, and as successor in interest for NATHANIEL LEE

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   LOWE  NATHANIEL LEE LOWE pursuant to California Code of Civil Procedure

2
    §§ 377.10 et seq and attaches hereto as **Exhibit A** the Statement in compliance with
3

4   CCP §§ 377.32.

5       4.  NICOLE LYNN LOWE , is the adult biological daughter of NATHANIEL

6
    LEE LOWE .
7

8       5.  BRANT I. LOWE , is the biological adult son of NATHANIEL LEE

9   LOWE .

10
        6.  Plaintiffs all reside in the County of Tehama, State of California and all
11

12  bring their claims under state and federal law.

13      7.  Plaintiff SANDRA JEAN SUSNARA, the biological mother of

14
    NATHANIEL LEE LOWE , NATHANIEL LEE LOWE , brings the survival action
15

16  pursuant to California Code of Civil Procedure §§ 377.20 et seq.  All Plaintiffs also

17  bring claims pursuant to California Code of Civil Procedure §§ 377.60 et seq. for

18
    wrongful death and claims for violations of their personal federal constitutional rights
19

20  of familial association.  All Plaintiffs bring their claims individually, and Plaintiff

21  SANDRA JEAN SUSNARA, as parent who received financial/economic support

22
    from, NATHANIEL LEE LOWE  NATHANIEL LEE LOWE, brings claims for
23

24  wrongful death, and survival claims, on the basis of 42 U.S.C. §§ 1983 and 1988, the

25  United States Constitution, federal and state civil rights law, and California law.

26

27

28                      COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

8.  CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, ("CDCR") is a California state agency which operates the correctional facility at DEUEL VOCATIONAL INSTITUTE, ("DVI,") where NATHANIEL LEE LOWE  NATHANIEL LEE LOWE was incarcerated for less than three (3) days at the time of the events giving rise to this litigation.

9.  Defendant Warden Robert Burton, ("BURTON") was during the relevant periods employed by CDCR as the Warden of California State Prison-DVI ("CSP-DVI".) He was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the employees of CSP-DVI alleged herein were committed. Defendant BURTON was charged by law and was responsible for the administration of CSP- DVI and was responsible for the supervision, training and hiring of persons, agents and employees working within said CSP, including prison staff, correctional officers, MTA'S, nurses, doctors, physician assistants, medical staff, and mental health staff, inclusive. Defendant BURTON is being sued in their individual and official capacities.

10.   All or part of the wrongful acts and omissions complained of herein against defendants, on information and belief, occurred in San Joaquin CDCR, California.

11.   On March 26, 2020 a proper and timely tort claim was presented to the STATE OF CALIFORNIA and CALIFORNIA DEPT OF CORRECTIONS and

REHABILITATION on behalf of Plaintiffs and NATHANIEL LEE LOWE ,

pursuant to Government Code § 910 et seq., and this action was thereafter timely

filed within all applicable statutes of limitation.  The claims were denied on April 27,

2020.

12.     Despite Plaintiffs' timely and proper requests through their counsel, and

without any legitimate basis, CDCR Defendants have refused to produce

NATHANIEL LEE LOWE 's inmate records that would have provided additional

facts for this Complaint and would have identified specific individuals responsible for

violations of NATHANIEL LEE LOWE 's rights.  The true names or capacities,

whether individual, corporate, associate, or otherwise, of Defendants named herein as

DOES 1 through 10 are unknown to Plaintiffs, who therefore sue said Defendants by

said fictitious names. Plaintiffs will amend this Complaint to show said Defendants'

true names and capacities when the same have been ascertained.  Plaintiffs are

informed, believe, and thereon allege that all Defendants sued herein as DOES are in

some manner responsible for the acts, omissions, and injuries alleged herein.

13.     Plaintiffs allege, on information and belief, that each of the Defendants

sued herein were wrongfully, deliberately indifferently, unreasonably, negligently,

and/or otherwise responsible in some manner for the events and happenings as

hereinafter described, and proximately caused injuries and damages to Plaintiffs

and/or NATHANIEL LEE LOWE .  Further, one or more DOE Defendants was at all

material times responsible for the hiring, training, supervision, and discipline of other defendants, including both the individually named and DOE Defendants.

14.     Plaintiffs are informed, believe, and thereon allege that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship.  Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may hereinafter be otherwise, specifically alleged.  At all material times, each Defendant was an integral participant, jointly and fundamentally engaged in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivation of Plaintiffs' and NATHANIEL LEE LOWE 's constitutional rights and other actionable harm.

15.     Defendants CALIFORNIA FORENSIC MEDICAL GROUP, INC; herein after (CFMG) and WELLPATH HOLDINGS, INC; (WELLPATH) are health care providers employed by a Butte County, a government entity and are state actors for 42 U.S.C. § 1983 purposes acting under color of law when treating inmates and/or implementing policies and practices regarding provision of medical care. West v. Atkins, 487 U.S. 42, 54 (1988). CFMG is a California corporation licensed to and

doing business in the State of California, as a contracted provider of medical and

mental health services to BUTTE COUNTY, Sheriff HONEA and its jail system. It

had a business address in Monterey County and in San Diego County, and since

October 1, 2018, in Nashville, Tennessee as Wellpath. . On information and belief,

CFMG and its employees and agents are and were at all material times responsible

for making and executing policies, procedures, and training related to the medical

care and/or mental health care of detainees and prisoners in the COUNTY OF

BUTTE jails, including, but not limited to, properly assessing and classifying

inmates, properly assessing and addressing the mental health needs of inmates, and

properly assessing and treating the serious medical and mental health needs of

inmates, including suicide prevention, observation of suicidal and potentially suicidal

inmates, mental illness, and emotional disturbance.

16.    At all material times, CFMG and WELLPATH were owned and

controlled by H.I.G. Capital and CFMG acts on behalf of H.I.G. and was and is

responsible for the hiring, retaining, training, and supervising of the conduct,

policies and practices of its employees and agents of CFMG, including DOES 1-10.

17. Defendant TAYLOR FITHIAN, M.D., ("FITHIAN") as well as certain

DOE DEFENDANTS include, but are not limited to, CFMG employees and agents,

acting within the course and scope of their employment with CFMG (and within the

course and scope of their employment by BUTTE COUNTY by virtue of CFMG's

contract with BUTTE COUNTY) who were responsible for properly assessing and classifying inmates, properly assessing and addressing the medical needs of inmates, properly assessing and addressing the mental health needs of inmates, properly assessing and treating the serious medical needs of inmates, providing appropriate observation and a treatment plan for serious medical needs, including suicide prevention, care and treatment for mental illness and emotional disturbance, monitoring inmates, and summoning medical care when it was needed.

18. Plaintiffs are informed and believe and thereon allege that Defendant Dr. FITHIAN, at all material times, lived and worked in Monterey County, and performed telepsychiatry services at BUTTE COUNTY jails remotely, from Monterey, California. In addition, Defendant FITHIAN oversees all statewide jail operations for CFMG, and sets policies and procedures for all operations, from Monterey County, California.

19. On information and belief, CFMG and its President, officer, director, employee and managing agent Defendant TAYLOR FITHIAN, M.D., are responsible for making and enforcing policies, procedures, and training related to the medical and mental health care of prisoners and detainees in Defendant BUTTE COUNTY jail, including: assessing inmates for possible suicide risk; instituting appropriate suicide precautions; approving housing classification; instituting appropriate observation to prevent suicide; instituting appropriate treatment plans for the serious mental health

needs of inmates; communicating about an inmate's suicide risk with custodial staff, health care professionals, and outside facilities; and, ensuring compliance with court orders requiring the transfer of the inmate.

20. Defendant TAYLOR FITHIAN, M.D., is a physician licensed to practice medicine in the State of California, a Board certified psychiatrist, and an officer, director, managing agent, employee and/or agent of Defendant CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, overseeing the provision of medical and psychiatric care at Defendant BUTTE COUNTY jail. Defendant FITHIAN was responsible for overseeing and providing medical and mental health care to prisoners and detainees, and for instituting appropriate policies, procedures, and training concerning suicide-risk assessment and prevention protocols, and was acting within the course and scope of that employment. On information and belief, Defendant FITHIAN was ultimately responsible for CFMG's provision of medical and mental health care to inmates at the jail, including assessing inmates for possible suicide risk, instituting appropriate suicide-prevention programs, and complying with court orders requiring the transfer of inmates to inpatient psychiatric facilities. At all material times, Defendant FITHIAN was the highest policy-making official for Defendant CFMG. In addition, Defendant FITHIAN was at all times responsible for staffing the CFMG medical and psychiatric services at BUTTE COUNTY jail, including but not limited to making sure that only properly licensed and credentialed

health care providers provide care, and that no provider work outside his or her scope of practice or licensure.

21.  Defendant JOHN BAKER, M.D. (hereinafter "Dr. BAKER"), at all times mentioned herein was an employee and/or agent of CFMG/Wellpath and BUTTE COUNTY. Dr. BAKER was and is a mental health care practitioner and/or psychiatrist responsible for psychiatric care, treatment and orders and to ensure delivery of mental health care by subordinate mental health staff providing mental health treatment and supervision to NATHANIEL LEE LOWE and was responsible for the mental health care of NATHANIEL LEE LOWE. With wanton disregard and deliberate indifference he ordered NATHANIEL LEE LOWE be taken off suicide watch. He is sued in his individual capacity. At all times mentioned herein he was acting under color of law.

22.  Defendant HEATHER BROOKS, LMFT (hereinafter BROOKS), at all times mentioned herein was an employee and/or agent of CFMG/Wellpath and BUTTE COUNTY. BROOKS was and is a mental health care practitioner and she was a licensed marriage and family therapist who had the duty for psychiatric care, treatment and orders and to ensure delivery of mental health care by subordinate mental health staff providing mental health treatment to NATHANIEL LEE LOWE and was responsible for the mental health care of NATHANIEL LEE LOWE. With wanton disregard and deliberate indifference she ordered NATHANIEL LEE LOWE

be taken off suicide watch. She is sued in her individual capacity. At all times mentioned herein she was acting under color of law.

23. Defendant MARIANA DOMINGUEZ, CDCR psychologist, (hereinafter DOMINGUEZ), at all times mentioned herein was an employee and/or agent of CDCR. DOMINGUEZ was and is a mental health care practitioner and she held herself out as a licensed psychologist who had the duty for psychiatric care, treatment and orders and to ensure delivery of mental health care by subordinate mental health staff providing mental health treatment to NATHANIEL LEE LOWE. She was responsible for screening patients for admission to DVI and arranging for their admission. She acted in a tortious and/or constitutionally violative fashion in her screening and was responsible for the mental health care of NATHANIEL LEE LOWE. With wanton disregard and deliberate indifference she performed an evaluation of NATHANIEL LEE LOWE which failed to discover his true mental condition. She is sued in her individual capacity. At all times mentioned herein she was acting under color of law.

24.     Defendant SHERIFF KORY L. HONEA (hereinafter "Sheriff HONEA"), was and is the Sheriff and administrator of the Butte County jail and custodian of the pre-trial detainees within it, along with DOES 1-10, who were deputies, sergeants, captains, lieutenants, commanders and undersheriffs and/or

civilian employee agents, policy makers and/or agents and representatives of COUNTY and the correctional staff.

25.    Defendant SHERIFF HONEA was charged by law and was responsible with the administration of defendant BUTTE COUNTY and its employees, and for the supervision, training and hiring of persons, agents and employees working within the county jail, including the sworn officers and deputies, as well as the civilian staff and DOES 1-10, inclusive.

26.    Sheriff HONEA is sued in his personal and individual capacity as a supervisory official for his own culpable action or inaction in the training, supervision, or control of his subordinates, or for his acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that showed a reckless or callous indifference to the rights of mentally ill inmates. Sheriff HONEA's affirmative conduct involves his failure to ensure enforcement of policies, rules, or directives that set in motion a series of acts by others which he knew or reasonably should have known, would cause others to inflict the constitutional injury. Sheriff HONEA failed to adequately monitor the administration of the contract with CFMG/Wellpath even though he had been repeatedly alerted to the facts of this unconstitutional conduct and knew the jail had become unsafe for those with serious mental health needs like NATHANIEL LEE LOWE.

27.   Defendants, COUNTY OF BUTTE through its Dept of Probation and Sheriff's Dept; KORY L. HONEA, Individually and in his official capacity as Butte County Sheriff,, Corrections Staff and Supervisors, and DOES 1 through 20.

28.   At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

29.   On May 8, 2020 a proper and timely tort claim was presented to BUTTE COUNTY on behalf of Plaintiffs and NATHANIEL LEE LOWE , pursuant to Government Code § 910 et seq., and this action was thereafter timely filed within all applicable statutes of limitation.  The claims were denied on June 22, 2020.

30.   This complaint may be pled in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

31.   Defendants are sued under Title 42 U.S.C. § 1983 for violations of the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. § 12131 (2), § 504 of the Rehabilitation Act of 1973, California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of public employees Defendants, and each of them, who at the time they caused Plaintiffs' and NATHANIEL LEE LOWE 's injuries, damages and death were duly appointed, qualified and acting officers, employees, and/or agents of BUTTE COUNTY, CFMG/Wellpath, CDCR and acting within the course and scope of their employment and or agency.

32.     Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain adequate training, supervision and staffing with deliberate indifference to Plaintiffs' rights, by failing to maintain proper and adequate policies, procedures and protocols, by failing to ensure NATHANIEL LEE LOWE  was given effective medical and mental health care, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

33.     Whenever and wherever reference is made in this Complaint to any act by Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly or severally.

## **GENERAL ALLEGATIONS**

**(a) Deliberate Indifference and Failure to Provide NATHANIEL LEE LOWE Reasonable Mental Health Care and Supervision.**

31.     On or about September 9, 2019, as a result of his mental illness, NATHANIEL LEE LOWE experienced hallucinations, paranoia and suffered a

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  breakdown. He expressed bizarre behavior, was ranting and became delusional

2  and paranoid.

3

4      32.    NATHANIEL LEE LOWE was arrested by Chico Police and

5  incarcerated as a pretrial detainee at BUTTE COUNTY jail operated by the COUNTY

6  and overseen by Sheriff HONEA.

7

8      33.    At the point of processing NATHANIEL LEE LOWE, into the BUTTE

9  COUNTY jail, Sheriff HONEA, TAYLOR FITHIAN, M.D., CFMG/Wellpath,

10  BROOKS, BAKER and their employees, agents, and DOES 1-10 all knew or should

11  have known about NATHANIEL LEE LOWE's pre-trial detainee status of

12  incapacitating mental illness. At booking, records show that he was noted to be

13  suicidal, depressed, hearing voices and incapacitated by his mental illness. Initially, he

14  was placed in a psychiatric observation cell, which should be the highest priority

15

16  safety precautions unit, where inmates are to be closely and continuously observed by

17  custody and medical staff for suicide attempts, self-harm or harming others.

18

19      34.    NATHANIEL LEE LOWE reported that he had attempted suicide before

20  and that he was wanting to take his life again. While at BUTTE COUNTY jail,

21

22  NATHANIEL LEE LOWE requested to be placed in a mental hospital.  His

23  psychiatric and mental illness history was documented in Defendants' jail records

24  beginning on September 9, 2019.

25

26

27

28

35.    NATHANIEL LEE LOWE was immediately placed on Suicide Watch. His medications at the BUTTE COUNTY jail included Haloperidol, (Haldol); Benztropine (Cogentin); and Lorazepam (Ativan), to treat psychotic disorders, which all defendants knew or should have known per their own files and records. Haldol specifically has a black box warning issued by the FDA, the most serious of warnings concerning its side effects when administered to agitated patients, such as NATHANIEL LEE LOWE.

36.    Medical records document that during the weeks preceding NATHANIEL LEE LOWE's suicide, Defendants had repeated and ample notice of his ongoing deteriorating mental health condition and threats of suicide. He was an acutely suicidal inmate: he engaged in self-injurious behavior, reported voices were telling him to kill himself,  slammed his  head against the wall, tied a noose made of sheets and threatened suicide. At different times NATHANIEL LEE LOWE asked for medications, or to be placed in a mental hospital. National Minimal Correctional Health Care Standards indicate that he should have been placed in continual observation by medical and custodial staff as he had a critical need for urgent mental health care and treatment that required a higher level of care and treatment than Defendants could provide in jail.

37.    BUTTE COUNTY, TAYLOR FITHIAN, M.D., CFMG/Wellpath, BROOKS, BAKER defendants and DOES 1-10 acted with deliberate indifference to

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

NATHANIEL LEE LOWE's medical needs: they maintained incompetent staff, were understaffed, allowed non-physician staff to make medical decisions and issue medical orders; on September 16, 2019, he was discontinued from suicide watch level 1 (one) safety precautions and rehoused alone in a cell they knew or reasonably should have known to be poorly designed and contraindicated for NATHANIEL LEE LOWE; Defendants failed to provide adequate, competent and timely safety checks and to provide treatment, security, supervision and/or access to indicated needed mental health care abandoning his care and treatment, thus enabling and contributing to his death.

38.   Sheriff HONEA and DOES 1-10 failed to provide NATHANIEL LEE LOWE reasonable security and safety and acted with deliberate indifference to NATHANIEL LEE LOWE's safety and security when they made the deliberate choice to remove a suicidal mentally ill inmate and upon his transfer to State prison failed to alert DVI that NATHANIEL LEE LOWE was suicidal and needed observation. They failed to take adequate measures to protect NATHANIEL LEE LOWE and failed to inform CDCR-DVI of his suicidal ideation and mental condition. The jail lacked sufficient and adequate number of safety cells or beds to house mentally ill and suicidal inmates such as NATHANIEL LEE LOWE, and defendants knew or should have known, that after repeated efforts by NATHANIEL LEE LOWE to harm himself while in jail, his housing was in violation of Title 24 and Title 15.

39.     Sheriff HONEA and DOES 1-10 acted with deliberate indifference and ignored these hazards, thus contributing to and enabling NATHANIEL LEE LOWE's death. Between September 9, 2019 and September 16, 2019, the noted contact with NATHANIEL LEE LOWE is the passing out of medication and his need for suicide watch.  As foreseeable, given Defendants' deliberate   indifference   to NATHANIEL LEE LOWE's   health care,   on   September 16, 2019, was taken off suicide watch and on November 11, 2019 he hanged himself.

**(b) Defendant Supervisors Had Knowledge of Inadequacy of**

**Suicide Prevention and Delivery of Mental Health Care at**

**Butte County Jail and Failed to Take Corrective Action.**

40.     Prior to November 11, 2019, BUTTE COUNTY, and TAYLOR FITHIAN, M.D., CFMG/Wellpath, BAKER, BROOKS, SHERIFF HONEA knew or should have known of a history of years of notice of ongoing failure to provide inmates indicated and timely reasonable medical/mental health care, knew or should have known of inadequate and/or incompetent staffing, insufficient and inadequate cells and beds, incompetent and inadequate provision of health care and delivery thereof, denying access to outside the jail facility hospital or other mental health programs, failure to take corrective measures, including ignoring prior reports and recommendations not to rehire CFMG, ignoring judicial orders to abate or take corrective action regarding care to the mentally ill, notice from quality assurance  and  death reviews,  from litigation

alleging failure to provide reasonable medical and mental health care, and from publications of endemic, ongoing and unabated risks of injury or death to inmates. The number of lawsuits against CFMG throughout the state and the evidence available from those actions is troubling and demonstrative of Defendants' years of deliberate indifference to known ongoing hazards to ill detainees and their failure to take corrective action.

41.     On November 11, 2019, at approximately 2:37 am, inmate NATHANIEL LEE LOWE CDCR # BK7966 was found dead in his cell F-210 of the Deuel Vocational Institution (DVI) located at 23500 S. Kasson Rd., Tracy, CA.

42.     The hanging was investigated by Deputy Coroner Investigator Donough and CDCR Lt. Jimenez and assigned case number: DVI-PRG3-19-11-0287.

43.     NATHANIEL LEE LOWE used his shoelaces to hang himself.

44.     Nathaniel Lee Lowe (Nathan) age 44 was a hardworking, loving father and son, but the stress and heartache after the Paradise Camp Fire of Northern California caused Nathan severe anxiety, depression and altered his mental status. The Camp Fire was the deadliest and most destructive wildfire in California history and the most expensive natural disaster in the world in 2018 in terms of insured losses. Named after Camp Creek Road, its place of origin, the fire started on November 8, 2018, in Northern California's Butte County.

45.     During the fires NATHANIEL LEE LOWE witnessed things that no one should ever have to experience. NATHANIEL LEE LOWE saw women and children burning in their homes and on the street. He heard people yelling and screaming for help, he wanted to help but the flames and heat prevented him from rescuing them. Those images and voices stuck in his mind and in the early hours of July 7, 2019 he believed he saw and heard his girlfriend and mother screaming and burning inside their home. In an effort to save them, NATHANIEL LEE LOWE broke out the windows of the house and tore down walls, but he then realized it was a hallucination. Neither his girlfriend nor mother were in the house nor was the house on fire.

46.     The Chico Police arrived and arrested NATHANIEL LEE LOWE. He was booked, processed and spent the night in the Chico jail. While in jail he could still hear the voices, screaming and yelling for help. NATHANIEL LEE LOWE was released the next day and with his family he sought treatment at Tehama County Mental Health Office for his condition.

47.     On September 9, 2019, NATHANIEL LEE LOWE believed his girlfriend was being kidnapped and tortured. He drove around Chico looking for her. He stopped vehicles, ran into stores but could not find her. While driving around he spotted her in a truck and he began to follow the truck. NATHANIEL LEE LOWE believed his girlfriend was being held against her will and he was determined to stop the pain. Chico Police were called as NATHANIEL LEE LOWE began to chase a random truck

believing his girlfriend was being kidnapped. The Chico Police were able to stop NATHANIEL LEE LOWE's truck. NATHANIEL LEE LOWE jumped out of the truck and began to run. The police were able to catch and arrest him. NATHANIEL LEE LOWE was clearly hallucinating again. Chico Police processed NATHANIEL LEE LOWE and he was booked, booking number 19-006638 into Butte County Jail as inmate number 123997. NATHANIEL LEE LOWE was charged with assault with a deadly weapon (the truck). While at Butte County Jail NATHANIEL LEE LOWE was assessed by the jail medical staff.

48.   On September 10, 2019 Butte County classification officers and Butte County Jail nurse, Harjot Rai, R.N. determined that NATHANIEL LEE LOWE suffered from schizophrenia and was suicidal. Harjot Rai, R.N. placed NATHANIEL LEE LOWE on suicide watch and suicide prevention measures were taken at the jail.

49.   On September 12, 2019 a noose made from the bed sheets was found in NATHANIEL LEE LOWE's cell. He expressed that he wanted to take his life.

50.   On September 13, 2019 NATHANIEL LEE LOWE continued to wish he were dead.  He continued to suffer from hallucinations.

51.   On September 16, 2019 he was discharged from suicide watch and suicide prevention by defendants, HEATHER BROOKS and JOHN BAKER, M.D.

52.   On November 8, 2019 NATHANIEL LEE LOWE was transferred from Butte County Jail to California Department of Corrections and Rehabilitation (CDCR)

1   at Deuel Vocational Institution in Tracy, California. NATHANIEL LEE LOWE was

2
    placed in general population as BUTTE COUNTY JAIL failed to advise CDCR of
3

4   NATHANIEL LEE LOWE's mental illness and suicide ideation.

5       53.   On November 11, 2019 NATHANIEL LEE LOWE hanged himself using

6
    his shoelaces. While at Butte County Jail NATHANIEL LEE LOWE was diagnosed
7

8   with a mental illness and disability and medical impairments that limited and/or

9   substantially limited his mental, medical, or physical health condition as defined under

10
    the ADA, 42 U.S.C. § 12131 (2), and under Section 504 of the Rehabilitation Act
11

12  ("RA") of 1973, 29 U.S.C. § 794, 28 C.F.R. 42.540 (k); as such, NATHANIEL LEE

13  LOWE qualified as an individual with a mental and physical disability under

14
    California law and NATHANIEL LEE LOWE met the essential eligibility
15

16  requirements of CDCR programs to provide access to medical and mental health care

17  services for its inmate patients in STATE prison.

18
        54.   Defendants ROBERT BURTON,  MARIANA DOMINGUEZ  and
19

20  CDCR Correctional officers and corrections staff and supervisors DOES 1 through 10,

21  failed to review NATHANIEL LEE LOWE's prior medical history which indicated

22
    his suicide watch classification.
23

24      55.   Defendants ROBERT BURTON and other supervisory Correctional

25  officers at CDCR failed to properly supervise the subordinate correctional officers to

26
    ensure that the subordinate correctional officers were properly performing their duties.
27

28              COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

                                                                              22

56.     Defendants ROBERT BURTON and other CDCR supervisory Correctional officers were responsible for the health and safety of NATHANIEL LEE LOWE because he was in their custody, they had "stripped [him] of virtually every means of self-protection and foreclosed [his] access to outside aid." *Farmer* at 833.

57.     Defendants ROBERT BURTON and other CDCR supervisory Correctional officers may not delegate the constitutional duties that they owed to NATHANIEL LEE LOWE to subordinate employees.

58.     As a result, Defendants ROBERT BURTON and other CDCR supervisory correctional officers' actions and inactions (deliberate indifference) were a direct cause of NATHANIEL LEE LOWE's death.

59.     As a direct and proximate cause of the CDCR supervisory correctional officers' actions, NATHANIEL LEE LOWE suffered injury, trauma, physical pain, and a horrific death.

60.     NATHANIEL LEE LOWE was denied the benefits of the services, programs, and activities of CDCR, and was denied accommodation for his disabilities, which deprived him of safety, necessary care, and mental health and medical health programs and services, which would have provided planning and delivery of treatment, follow-up, and supervision.  This denial of accommodation, programs, and services was the result of his disability in that he was discriminated against because he was mentally ill, at risk of assault by other inmates, and gravely disabled, in that he

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

suffered from conditions in which a person, as a result of a mental disorder, is unable to provide for his basic personal needs for food, clothing, or shelter and is unable to advocate for himself; and, NATHANIEL LEE LOWE had mental impairments that substantially limited one or more of his major life activities.

61.   As a result of the acts and misconduct of all defendants, NATHANIEL LEE LOWE died, and Plaintiffs have suffered, are now suffering, and will continue to suffer damages and injuries as alleged above.  Plaintiffs have suffered loss of love and society and claim damages for the wrongful death of their son, husband, and father. Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorneys' fees as set forth in the ADA.

62.   Based on these violations Plaintiffs request the following relief against each and every Correctional officers and corrections staff and supervisors' and DOES 1 through 10 herein, jointly and severally:

63.   All Defendants' deliberate indifference for NATHANIEL LEE LOWE 's serious medical needs, their denial of necessary and appropriate medical and psychiatric care, their failure to provide competent mental health care and treatment, their failure to transfer NATHANIEL LEE LOWE  for inpatient psychiatric hospitalization in direct violation of a court order and/or their failure to admit him to appropriate hospital, their reckless disregard for his high risk of suicide which resulted in his death.

64.     As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, all Plaintiffs sustained the following injuries and damages, past and future, including, but not limited to:

    a.  Wrongful death of NATHANIEL LEE LOWE;

    b.  Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;

    c.  Emotional distress from the violations of their personal Constitutional rights, including grief, sorrow, anxiety, sleeplessness, humiliation, and indignity;

    d.  Loss of enjoyment of life;

    e.  All other legally cognizable special and general damages, including financial support;

    f.  Violations of state and federal constitutional rights; and,

    g.  All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, California Civil Code §§ 52 and 52.1, and as otherwise allowed under California and United States statutes, codes, and common law.

65.     As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, Plaintiffs SANDRA JEAN SUSNARA, as Successors in

Interest of NATHANIEL LEE LOWE  NATHANIEL LEE LOWE, sustained the

following injuries and damages, past and future, including, but not limited to:

    a.  Hospital and medical expenses incurred by NATHANIEL LEE LOWE;

    b.  Coroner's fees, funeral, and burial expenses;

    c.  NATHANIEL LEE LOWE'S loss of life, pursuant to federal civil rights

       law;

    d.  NATHANIEL LEE LOWE'S conscious pain and suffering, pursuant to

       federal civil rights law; and,

    e.  All damages and penalties recoverable under 42 U.S.C. §§ 1983 and

       1988, California Civil Code § 52, and as otherwise allowed under

       California and United States statutes, codes, and common law.

### FIRST CAUSE OF ACTION
#### (42 U.S.C. § 1983)
**(Against COUNTY OF BUTTE through its Dept of Probation and Sheriff's Dept; KORY L. HONEA, Individually and in his official capacity as Butte County Sheriff; TAYLOR FITHIAN, M.D., CALIFORNIA FORENSIC MEDICAL GROUP, INC; WELLPATH HOLDINGS, INC; JOHN BAKER, M.D.; HEATHER BROOKS, LFMT)**

66.    Plaintiffs re-allege and incorporate by reference each and every

allegation contained in this complaint, as though fully set forth here.

67.    Individual defendants, COUNTY OF BUTTE through its Dept of

Probation and Sheriff's Dept; KORY L. HONEA, Individually and in his official

capacity as Butte County Sheriff; TAYLOR FITHIAN, M.D., CALIFORNIA

1   FORENSIC MEDICAL GROUP, INC; WELLPATH HOLDINGS, INC; JOHN

2   BAKER, M.D.; HEATHER BROOKS, LFMT deprived NATHANIEL LEE LOWE, a
3

4   pre-trial detainee of the rights,  privileges   and   immunities  secured by  the Fourth

5   and Fourteenth Amendment of the United States Constitution, by subjecting him, or

6   through their deliberate indifference, allowing others to subject him, to delay and
7

8   denial of medical or mental health care and/or access thereto for a serious but treatable

9   medical or mental health condition.

10      68. These Defendants knew or should have known that NATHANIEL LEE
11

12   LOWE  had suicidal ideations or behaviors as set forth above; Defendants knew or

13   must have known that NATHANIEL LEE LOWE  could not care for himself; he

14   could not seek outside jail medical care, nor advocate for his urgently needed
15

16   psychiatric intervention, and/or appropriate suicide observation protocols. Defendants

17   ignored their duty of care to NATHANIEL LEE LOWE , with their actions and

18   inactions they caused lapses and a lack of continuum of indicated care and treatment
19

20   and indicated appropriate housing, which they knew or should have known, would

21   cause or worsen his already deteriorating mental health condition.

22      69. These Defendants knew or must have known that NATHANIEL LEE
23

24   LOWE 's medical or mental health condition was serious but treatable and that

25   NATHANIEL LEE LOWE  required access and delivery to urgently needed

26   medical/mental health care, and they further had a duty to provide NATHANIEL LEE
27

28

LOWE  reasonable security and indicated housing to accommodate his mental health condition. These Defendants knew or should have known that if not treated, NATHANIEL LEE LOWE 's mental health would continue to deteriorate, worsen and cause him harm and/or death.

70. Sheriff HONEA and DOES 1-10, failed to promulgate and implement policies, procedures, and practices to ensure that NATHANIEL LEE LOWE  was housed in an indicated and appropriate housing unit pursuant to the laws of the State of California, pursuant to their duty and responsibility to provide appropriate housing, safety, security and observation to ensure NATHANIEL LEE LOWE 's safety and security at all times, and  that the deputies responsible to monitor, observe and provide for NATHANIEL LEE LOWE 's security and safety at all times did so competently.

71. TAYLOR FITHIAN, M.D, JOHN BAKER, M.D. and HEATHER BROOKS, LFMT provided medical care and treatment to NATHANIEL LEE LOWE . Dr. BAKER was directly responsible  for  the  direct  patient  care  for NATHANIEL LEE LOWE . TAYLOR FITHIAN, M.D, JOHN BAKER, M.D. and HEATHER BROOKS, LFMT were deliberate indifference to the serious psychiatric and medical needs of NATHANIEL LEE LOWE .

72. Dr. BAKER was Butte County Jail's supervising psychiatrist and directly responsible to ensure that NATHANIEL LEE LOWE  was properly provided competent psychiatric medical and nursing care and treatment, but he failed to take

action and acted with deliberate indifference to NATHANIEL LEE LOWE 's care and treatment or lack thereof.

73. HEATHER BROOKS, LFMT is the Butte County jail psychiatric therapist and also responsible for NATHANIEL LEE LOWE 's his direct written orders and patient care and treatment, and is responsible for his deliberate indifference to the serious psychiatric and medical needs of NATHANIEL LEE LOWE .

74. TAYLOR FITHIAN, M.D, Dr. BAKER and HEATHER BROOKS, LFMT knew and were familiar with NATHANIEL LEE LOWE 's acute psychiatric condition and knew and/or should have known he was a high risk of suicide, hearing voices that told him to kill himself that he attempted hanging himself with bed sheets and attempting to harm himself since being processed into the BUTTE COUNTY JAIL.

75. As a result of these Defendants' deliberate indifference and/or reckless disregard for NATHANIEL LEE LOWE 's security, safety, wellbeing, and appropriate and indicated housing and observation and/or transfer to a higher level of care and their disregard and ignoring of said inadequate and incompetent conditions for NATHANIEL LEE LOWE 's needed medical care and treatment, NATHANIEL LEE LOWE  suffered damages as set forth.

76. By the actions and omissions described above, defendants and each of them,

violated 42 U.S.C. § 1983, depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the U .S. Constitution:

a.     The right to be free from an unreasonable ongoing seizure as a pretrial detainee as secured by the Fourth and Fourteenth Amendments;

b.     The right to be free from deliberate indifference to his serious medical needs while in custody as a pretrial detainee as secured by the Fourteenth Amendment;

c.     The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship, society and support of each other, as secured by the First and Fourteenth Amendments.

77. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for the rights and safety of Plaintiffs (individually and on behalf of NATHANIEL LEE LOWE ).

78.  Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

79. As a direct and proximate result of the foregoing, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees as more specifically stated above.

## SECOND CAUSE OF ACTION
### FAILURE TO TRAIN AND SUPERVISE (42 U.S.C. § 1983) BY PLAINTIFFS AGAINST DEFENDANTS BUTTE COUNTY; HONEA; DR. BAKER, TAYLOR FITHIAN, M.D., CFMG/Wellpath AND DOES IN THEIR INDIVIDUAL CAPACITY

80. Furthermore, on or before November 11, 2019, Defendants Sheriff HONEA, Dr. BAKER, COUNTY OF BUTTE and DOES 1-10 failed to properly train, assign, supervise, and guide their staff and medical personnel assigned to the BUTTE COUNTY JAIL, including but not limited to CFMG/Wellpath and DOES 1-10, to take immediate measures to ensure that a mentally ill and suicidal pre-trial detainee like NATHANIEL LEE LOWE , be referred to a hospital or psychiatric facility for the care and treatment of the mentally disordered, or to any other available public or private treatment facility that will promote NATHANIEL LEE LOWE 's speedy restoration to mental competence.

81. Defendants Sheriff HONEA, Dr. BAKER, COUNTY OF BUTTE and DOES 1-10   acted with   deliberate indifference to their responsibility and duty to NATHANIEL LEE LOWE , and their actions and/or inactions in failing to supervise their subordinates to take adequate measure to protect inmates, such as NATHANIEL LEE LOWE , upon release from suicide watch; maintained an insufficient and

inadequate number of safety cells/or beds, to house mentally ill inmates like

NATHANIEL LEE LOWE to keep them safe; maintained insufficient and inadequate

monitoring and surveillance of safety cells, such as the one where they housed

NATHANIEL LEE LOWE ; they were deliberately indifferent to the design and

location of the cell where NATHANIEL LEE LOWE was housed in violation of Title

15 and 24 of the Cal. Administrative Code.

82. TAYLOR FITHIAN, M.D and each of the CFMG/Wellpath supervisors,

managers, directors, executives' acts and/or omissions and failure to supervise their

subordinates were taken with deliberate indifference to the medical care of inmates,

such as NATHANIEL LEE LOWE , as set forth above.

83. TAYLOR FITHIAN, M.D and each of the CFMG/Wellpath Defendants and

DOES 1-10 failed to supervise the medical-mental health services for detainees and

knew or should have  known Butte County Jail suffered from overcrowding,

inadequate and/or  incompetent  medical staffing, as set  forth above.   Thereby

violating the constitutional rights of patient-inmates' state and federal laws and

departmental policy and procedure.

84. Defendants subjected Plaintiffs to their wrongful conduct, depriving

Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and

reckless disregard for whether the rights and safety of Plaintiffs and others would be

violated by their acts and/or omissions.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

32

85. As a direct and proximate result of the foregoing, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees as more specifically stated above.

## THIRD CAUSE OF ACTION
**Municipal Liability for Unconstitutional Custom or Policy
(42 USC §1983)-MONELL
(BY ALL PLAINTIFFS AGAINST DEFENDANTS
BUTTE COUNTY; TAYLOR FITHIAN, M.D.; ROBERT BURTON and
CFMG/Wellpath;)**

86. Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

87. As supervisors, Defendants SHERIFF HONEA, CFMG MEDICAL DIRECTOR TAYLOR FITHIAN, M.D.; ROBERT BURTON, in his individual and official capacity, and DOES 6-10, each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights and serious medical needs of NATHANIEL LEE LOWE. Each of these supervising Defendants either directed his or her subordinates in conduct that violated Decedent's rights, OR set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive Decedent of rights, OR knew his or her subordinates were engaging in acts likely to deprive Decedent of rights and failed to act to prevent his or her subordinate

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

from engaging in such conduct, OR disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate Decedent's rights, and in fact did cause the violation of Decedent's rights. (See, Ninth Circuit Model Civil Jury Instruction 9.4). Furthermore, each of these supervising Defendants is liable in their failures to intervene in their subordinates' apparent violations of Decedents' rights.

88. At all times herein mentioned, Defendants BUTTE COUNTY and CFMG and Wellpath, and each of them, maintained a longstanding, pervasive, custom, pattern, and/or practices, and each defendant knew that the following custom,  pattern, practice or policies  posed this  risk of harm. Some of these customs, patterns, practices or policies include, but are not limited to, the following:

a.  To deny inmates at the COUNTY'S jail access to medical/psychiatric attention, continuity of care and/or access to a higher level of care not available at the jail for seriously ill inmates;

b. To fail to properly classify, house and/or monitor inmates suffering from mental health disabilities in compliance with statutory mandates;

c. To fail to provide medical or mental health care for inmates with serious psychiatric/medical needs;

d. To fail to maintain appropriate, competent and sufficient indicated medical and mental health staffing;

e. To fail to use appropriate National and State accepted jail minimum standards, procedures and practices for handling suicidal mentally ill and/or emotionally disturbed persons;

f. To fail to institute, require, and enforce proper and adequate training supervision, policies, procedures and practices concerning handling mentally ill and/or emotionally disturbed inmates at the County Jail;

g. To fail to comply with their own policies and procedures and/ to fail to supervise to ensure implementation thereof;

h. To fail to maintain competent and adequate supervision and training of medical and custodial staff regarding mentally ill and suicidal inmates;

i. CFMG/Wellpath placed their financial interests and profits before    their duty   and   responsibility to provide sufficient and competent medical/mental health care staff to patient/inmates; and

j.    To cover-up violations of constitutional rights by any or all of the following:

1.    To allow, tolerate, and/or encourage a "code of silence" among  law enforcement officers and sheriff department personnel, and CFMG/Wellpath personnel    whereby an  officer or member of the department and/or CFMG/Wellpath medical staff working in the correctional system under contract,

does not provide adverse information against a fellow deputy or member of the department  or co-worker of CFMG/Wellpath; and,

2. to  use   or   tolerate    inadequate, deficient,  and   improper procedures for handling,  investigating, and  reviewing complaints of  misconduct, including claims made under California Government Code § 910 et seq.

89. The unconstitutional customs and practices of Defendants were approved, tolerated and/or ratified by policy making officers for BUTTE COUNTY and CFMG/Wellpath.

90. The aforementioned customs, policies, practices, and procedures were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly-established and well-settled constitutional rights in violation of 42 U.S.C. §1983, as more fully set forth above.

91.  As a direct and proximate result of the unconstitutional above alleged actions, omissions, customs, policies, practices and procedures as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages as set forth above.

92. Plaintiffs also seek punitive damages against CFMG/Wellpath pursuant to 42 U.S.C. § 1983 and all applicable California Law.

//

//

### FOURTH CAUSE OF ACTION
### (VIOLATION OF CIVIL CODE § 52.1 (b))
### PLAINTIFF AGAINST DEFENDANTS SHERIFF HONEA, TAYLOR
### FITHIAN, M.D.; ROBERT BURTON and CFMG/Wellpath;)
### and DOES 6-10

93. Plaintiff re-alleges and incorporates by reference the allegations contained in this complaint, as though fully set forth herein.

94.     By their acts, omissions, customs, and policies, Defendants SHERIFF HONEA, TAYLOR FITHIAN, M.D.; ROBERT BURTON and CFMG/Wellpath and DOES 6-10 acting in concert/conspiracy, as described above, and with threat, intimidation, and/or coercion, violated Plaintiff's and Decedent's rights under California Civil Code § 52.1 and the following clearly established rights under the United States Constitution and California Constitution and law:

a.     Decedent's right to be free from an unreasonable ongoing seizure as a pretrial detainee, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and the California Constitution, Article 1, Sections 7 and 13;

b. Decedent's right to be free from deliberate indifference to NATHANIEL LEE LOWE's serious medical needs while in custody as a pretrial detainee, as secured by the Fourteenth Amendment to the United States Constitution and the California Constitution, Article 1, Section 7;

//

c. Decedent's rights and liberty interests, as an incapacitated criminal defendant, to freedom from incarceration and to timely, restorative treatment, as secured by the Fourteenth Amendment to the United States Constitution and the California Constitution, Article 1, Section 7;

d. Plaintiff's right to be free from wrongful government interference with familial relationships and Plaintiffs' right to companionship, society, and support of each other, as secured by the First and Fourteenth Amendments;

e. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1;

f. The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43; and Decedent's right to medical care as required by California Government Code §845.6.

95. Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff's and Decedent's rights, Defendants violated Plaintiff's and Decedent's rights by the following conduct, among other conduct, constituting threat, intimidation, or coercion:

a.      Intentionally and with deliberate indifference, depriving and/or preventing NATHANIEL LEE LOWE from receiving necessary, life-saving medical and/or psychiatric care and treatment;

b.      Intentionally and with deliberate indifference, ordering and/or continuing NATHANIEL LEE LOWE's punitive housing in a segregated and/or disciplinary cell, under conditions of solitary confinement for long stretches of time, without necessary, life-saving medical and/or psychiatric care and treatment;

c.      Continuing deliberate  indifference to his serious psychiatric and medical needs, and while NATHANIEL LEE LOWE was powerless to provide for such needs himself;

d.      Intentionally and with deliberate indifference, causing NATHANIEL LEE LOWE to languish in jail without necessary medical, psychiatric, pharmacological care, or even the required treatment plan, when he was obviously unable to care for his own needs, and after a court had determined he was unable to care for his own needs and was a serious threat to himself;

e.      Intentionally and with deliberate indifference, doing and/or permitting subparagraphs (a) – (d) when it was also obvious that in doing so, Decedent's life was likely to end needlessly, and Plaintiff's rights as Decedent's mother also would be violated. To the extent this claim is based on a violation of Decedent's rights, it is asserted as a survival claim. To the extent that the violations of rights were done to Plaintiff SANDRA JEAN SUSNARA, it is asserted as a wrongful death claim. To the extent the violations were done to

both Decedent and Plaintiff, it is asserted as both survival and wrongful death.

96.     Defendant COUNTY is vicariously liable pursuant to Cal. Gov. Code section 815.2.

97.     As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's and Decedent's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages, and against each Defendant named in this County is entitled to relief as set forth above, and punitive damages against all individual Defendants, including all damages and penalties allowed by California Civil Code §§ 52 and 52.1 and California law, three times actual damages, and attorneys' fees.

## FIFTH CAUSE OF ACTION
**(VIOLATION OF TITLE II - ADA, REHABILITATION ACT AND THE CALIFORNIA UNRUH ACT AGAINST DEFENDANT BUTTE COUNTY; CFMG/WELLPATH & ROBERT BURTON in his official capacity.) (42 U.S.C. § 12132 &29 U.S.C. § 794)**

98.     Plaintiffs re-allege and incorporate by reference the allegations contained in this complaint, as though fully set forth herein.

99.     At all material times NATHANIEL LEE LOWE was a "qualified individual" with a mental illness and disability and medical impairments that limited and/or substantially limited his ability to care for himself and control his mental, medical, or physical health condition as defined under the ADA, 42 U.S.C. § 12131 (2), and under Section 504 of the Rehabilitation Act ("RA") of 1973, 29 U.S.C. § 794,

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

28 C.F.R. 42.540 (k);  and Cal. Civ. Code §§ 51 et seq., 52, 54, 54.1, Cal. Gov't Code § 12926,  as such, NATHANIEL LEE LOWE  qualified as an individual with a mental and physical disability under California law and NATHANIEL LEE LOWE  met the essential eligibility requirements of BUTTE COUNTY programs to provide access to medical and mental health care services for its inmate patients in BUTTE COUNTY's jails while they are in custody.

100.   BUTTE COUNTY's; CFMG's and CDCR's  jail and mental health services are places of public accommodation and are covered entities for purposes of enforcement of the ADA, 42 U.S.C. §12181 (7)(F), and the Rehabilitation Act, 29 U.S.C. § 794, as explicated by the regulations promulgated under each of these laws. Further, on information and belief, BUTTE COUNTY receives federal assistance and funds.

101.   BUTTE COUNTY JAIL, CFMG, CDCR are local government, and/or department or agency thereof, both fall within the definition of "program or activity" covered by the Rehabilitation Act, 29 U.S.C. Section 794(b).  CDCR is also within the mandate of the RA that no person with a disability may be "excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity." 29 U.S.C. § 794.

102.   Defendants are mandated to "develop an effective, integrated, comprehensive system for the delivery of all services to persons with mental

disabilities and developmental disabilities . . ."  and to ensure "that the personal and civil rights" of persons who are receiving services under its aegis are protected.

103.    Congress enacted the ADA upon a finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. § 12101 (a)(2).

104.    Defendants are mandated under the ADA not to discriminate against any qualified individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182 (a).

105.    The ADA, 42 U.S.C. § 12182(b)(1)(A)(iii), provides in pertinent part that: "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual licensing, or other arrangements, with a good, service, facility, privilege, advantage, or accommodation *that is different or separate* from that provided to other individuals." *Id*. (emphasis added).

106.    Defendants violated the ADA, RA, and discriminated against NATHANIEL LEE LOWE  and Plaintiffs, violating their ADA, RA, and state protected rights by: (a) creating and maintaining a number of programs and services to protect the mentally disabled that operate in conjunction with the STATE's designated

mental health hospitals such as BUTTE COUNTY and facilities for persons who

qualify under Penal Code § 1370 (a)(2) or Welfare and Institutions Code 5150; and (b)

Defendants failed to provide services or to accommodate NATHANIEL LEE LOWE

with access to the programs and services of BUTTE COUNTY or State designated

mental health hospitals and facilities for persons who qualify for access and services

under Penal Code § 1370 (a)(2) or Welfare and Institutions Code 5150; (c) Defendants

failed to provide services or accommodate NATHANIEL LEE LOWE  as indicated

and with appropriate classification and monitoring for a person in their sole and

exclusive custody who they knew was mentally disabled and at risk for assault, (d)

Defendants failed to provide reasonable accommodations to people in custody with

mental disabilities at their hospitals, clinics, and prisons and, instead, providing a

quality of care and service that is different, separate, inferior, and worse than the

service provided to other individuals with the same disabilities; (e) Defendants

deprived NATHANIEL LEE LOWE , a qualified individual with a disability, the

opportunity to participate in or benefit from the aid, benefit, or services of BUTTE

COUNTY, in violation of 28 C.F.R. § 35.130(b)(1)(i); (f) by reason of NATHANIEL

LEE LOWE 's mental disabilities, Defendants did not afford him an opportunity to

participate in or benefit from the aid, benefits, and services that are equal to those

afforded to other, non-disabled individuals by Defendants, in violation of 28 C.F.R. §

35.130(b)(1)(ii); (g) on the basis of NATHANIEL LEE LOWE 'S disability, BUTTE

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COUNTY failed to provide him an aid, benefit, or service that was as effective in affording equal opportunity to obtain the same result, to gain the same benefit, and to reach the same level of achievement as provided to other individuals in the same situation, in violation of 28 C.F.R. §35.130(b)(1)(iii); (g) the Defendants limited NATHANIEL LEE LOWE , a qualified individual with a disability, in the enjoyment of rights, privileges, advantages, or opportunities enjoyed by others receiving the aid, benefit, or service of which NATHANIEL LEE LOWE  was denied, in violation of 28 C.F.R. §35.130(b)(1)(vii).  Further, by refusing or obstructing NATHANIEL LEE LOWE 's admission to special programs, Defendants deprived him of the necessary treatment and benefits for his serious medical needs.

107.    NATHANIEL LEE LOWE  was denied the benefits of the services, programs, and activities of BUTTE COUNTY, and was denied accommodation for his disabilities, which deprived him of safety, necessary care, and mental health and medical health programs and services, which would have provided planning and delivery of treatment, follow-up, and supervision.  This denial of accommodation, programs, and services was the result of his disability in that he was discriminated against because he was mentally ill, at risk of assault by other inmates, and gravely disabled, in that he suffered from conditions in which a person, as a result of a mental disorder, is unable to provide for his basic personal needs for food, clothing, or shelter

1  and is unable to advocate for himself; and, NATHANIEL LEE LOWE had mental

2  impairments that substantially limited one or more of his major life activities.

3

4      108.    As a result of the acts and misconduct of the Defendants complained of

5  herein, NATHANIEL LEE LOWE  died, and Plaintiffs have suffered, are now

6  suffering, and will continue to suffer damages and injuries as alleged above.  Plaintiffs

7  have suffered loss of love and society and claim damages for the wrongful death of

8

9  their son and father in an amount not yet ascertained, but to be proven. Plaintiffs

10 sustained serious and permanent injuries and are entitled to damages, penalties, costs,

11

12 and attorneys' fees as set forth in the ADA and RA above.

13                  **SIXTH CAUSE OF ACTION**
14     **(VIOLATION OF CALIFORNIA GOVERNMENT CODE § 845.6)**
       **PLAINTIFF AGAINST DEFENDANTS BUTTE COUNTY; SHERIFF**
15   **HONEA, TAYLOR FITHIAN, M.D.; JOHN BAKER, M.D; HEATHER**
       **BROOKS, LFMT and CFMG/Wellpath DOES 1-10**
16     109.    Plaintiffs re-allege and incorporate by reference the allegations

17

18 contained in this complaint, as though fully set forth herein.

19     110.    Defendants BUTTE COUNTY; SHERIFF HONEA, TAYLOR

20 FITHIAN, M.D.; JOHN BAKER, M.D, HEATHER BROOKS, LFMT and

21

22 CFMG/Wellpath and Does 6-10 knew or had reason to know that NATHANIEL LEE

23 LOWE was in need of immediate and a higher level medical and psychiatric care,

24

25 treatment, and observation and monitoring, that he required special housing and

26 security – including being placed on suicide

27

28            COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

watch and on suicide precautions – for his own safety and well-being, and each Defendant failed to take reasonable action to summon and/or to provide NATHANIEL LEE LOWE access to such medical care and treatment and/or provide him housing accommodations necessary for him under such circumstances. Each such individual Defendant, employed by and acting within the course and scope of his or her employment with Defendant COUNTY, CDCR, CFMG, knowing and/or having reasons to know this, failed to take reasonable action to summon and/or provide NATHANIEL LEE LOWE access to such care, treatment, and medically appropriate housing in violation of California Government Code § 845.6.

111.    As a proximate cause of the aforementioned acts and omissions of – and attributable under Government Code sections 845.6 and 815.2 to – all Defendants, Plaintiffs were injured as set forth above and is entitled to all damages allowable under California law. Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorneys' fees as set forth herein.

**SEVENTH CAUSE OF ACTION**
**(NEGLIGENCE-Wrongful Death)**
**(Plaintiffs Against Defendants SHERIFF HONEA; CALIFORNIA FORENSIC**
**MEDICAL GROUP, INC; WELLPATH HOLDINGS, INC;**
**JOHN BAKER, M.D.; HEATHER BROOKS, LFMT; DOES 1-10)**

112.    Plaintiffs re-allege and incorporate by reference the allegations contained in this complaint, as though fully set forth herein.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

46

113. At all times, each Defendants owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

114. At all times, each Defendants owed Plaintiffs the duty to act with reasonable care. These general duties of reasonable care and due care owed to Plaintiffs by all Defendants include but are not limited to the following specific obligations:

a. To provide, or have provided sufficient, competent, prompt and appropriate psychiatric/medical care to NATHANIEL LEE LOWE ;

b. To provide safe and appropriate jail custody for NATHANIEL LEE LOWE including reasonable classification, monitoring, and housing;

c. To use generally accepted law enforcement and jail procedures that are reasonable and appropriate for Plaintiff's status as a mentally ill, suicidal and/or emotionally disturbed person;

d. To refrain from abusing their authority granted them by law;

e. To refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

115. Additionally these general duties of reasonable care and due care owed to Plaintiffs by Defendants and each them including DOES 1-10, include but are not limited to the following specific obligations:

a. To properly and reasonably hire, supervise, train, retain, investigate,

monitor, evaluate, and discipline each person (i) who was responsible for providing psychiatric/medical care for NATHANIEL LEE LOWE ; (ii) who was responsible for the safe and appropriate jail custody of NATHANIEL LEE LOWE ;  (iii) who was responsible for properly and reasonably classifying,  housing, and monitoring NATHANIEL LEE LOWE ; (iv) who denied NATHANIEL LEE LOWE  medical attention or access to medical care and treatment; and/or (vi)who failed to summon necessary and appropriate medical care;

b. To properly and adequately hire, supervise, train, retain, investigate, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers  act at all times in the public interest and in conformance with law;

c. To make, enforce, and at all times act in conformance with policies  and customs that are lawful and protective of individual rights, including Plaintiffs' rights.

d. To refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth herein.

116.    By the acts and omissions set forth more fully in the paragraphs above, Defendants acted negligently and breached their duty of due care owed to NATHANIEL LEE LOWE , which foreseeably resulted in the suffering of damages by NATHANIEL LEE LOWE  and Plaintiffs of the loss of their father/son.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

117.   Defendants, through their acts and omissions, breached the

aforementioned duties owed to NATHANIEL LEE LOWE  and Plaintiffs.

118.   Defendant BUTTE COUNTY is vicariously liable pursuant to California

Government Code section 815.2.

119.   As a direct and proximate result of Defendants' negligence, Plaintiffs

sustained injuries and damages, and against each and every Defendant are entitled to

relief as described above.

## EIGHTH CAUSE OF ACTION
**(MEDICAL NEGLIGENCE-Wrongful Death)**
**(Plaintiffs Against Defendants BUTTE COUNTY, CALIFORNIA FORENSIC MEDICAL GROUP, INC; WELLPATH HOLDINGS, INC; JOHN BAKER, M.D.; HEATHER BROOKS, LFMT; DOES 1-10)**

120.   Plaintiffs re-allege and incorporate by reference the allegations

Contained in this complaint, as though fully set forth herein.

121.   NATHANIEL LEE LOWE  was under the care and treatment of

Defendants JOHN BAKER, M.D. and HEATHER BROOKS, LFMT,

CFMG/WELLPATH, and BUTTE COUNTY who were required to examine, treat,

monitor, prescribe for and care for him and to provide him with medical attention for

the mentally ill and psychiatric services and treatment. Defendants JOHN BAKER,

M.D. and HEATHER BROOKS, LFMT, CFMG/WELLPATH, and BUTTE

COUNTY DOES 1-10,  and DOES 1-10, acting within the scope and course of their

employment with Defendants BUTTE COUNTY and CFMG/Wellpath negligently,

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

carelessly and unskillfully cared for, attended, handled, controlled; failed to monitor and follow-up; abandoned; failed to classify, failed to appropriately diagnose and/or refer NATHANIEL LEE LOWE  to specialist mental/medical care providers; negligently    failed to provide physician, psychiatric, psychological care; carelessly failed to detect, monitor, and follow-up with his condition; and negligently, carelessly and unskillfully failed to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient and dependent pre-trial detainee NATHANIEL LEE LOWE .

122.    Defendant supervisors and each of them failed to supervise, train and monitor their subordinates, to maintain proper supervision, classification and staffing, to timely refer NATHANIEL LEE LOWE  for medical, hospital and/or psychiatric care, failed to provide adequate and competent staffing, and to ensure the care and treatment ordered for NATHANIEL LEE LOWE  was provided.

123.    Plaintiffs further allege that other presently unknown supervisory personnel named as DOE defendants, including agents and employees of BAKER, BROOKS, CFMG/Wellpath and BUTTE COUNTY, and defendants themselves, failed to conduct appropriate investigatory procedures, and/or follow policies and protocols, including but not limited to involuntary mental health treatment and transfer, implementing interventions and assessment re: increased risk of suicidal

behaviors, evaluation and documentation for risk factors so appropriate interventions may be initiated, to determine the need to obtain medical and psychiatric services for NATHANIEL LEE LOWE while in Defendants' care, custody, and control.

124.    As a direct and legal result of the aforesaid negligence and carelessness of Defendants' actions and omissions, Plaintiffs sustained injuries and damages, and against these Defendants, and each of them, are entitled to compensatory damages as described above and as applicable to this claim for Medical Negligence, to be proven at time of trial.

## NINTH CAUSE OF ACTION
**WRONGFUL DEATH - DENIAL OF SUBSTANTIVE DUE PROCESS RIGHT TO FAMILIAL RELATIONSHIP (42 U.S.C. § 1983) BY SANDRA JEAN SUSNARA, individually; NICOLE LYNN LOWE; BRANT I. LOWE; AGAINST ALL DEFENDANTS.**

125.    Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth herein.

126.    All of the acts of Defendants and the persons involved were done under color of state law.

127.    The acts and omissions of each Defendant deprived SANDRA JEAN SUSNARA, NICOLE LYNN LOWE, and BRANT I. LOWE of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to the Fourteenth Amendment by, among other things, depriving Plaintiffs of their right to a familial relationship with their son/father NATHANIEL LEE LOWE

without due process of law by their deliberate indifference in denying NATHANIEL LEE LOWE  access to medical and mental health care.

128.    The Defendants and the other involved agents and employees acted pursuant to expressly adopted official policies or longstanding practices or customs of BUTTE COUNTY and CFMG/Wellpath. These include policies and longstanding practices or customs of failing to provide persons in pretrial custody who are mentally ill access to medical and mental health care as stated above and incorporated herein.

129.    In addition, the training policies of BUTTE COUNTY and CFMG/WELLPATH Defendants were not adequate to train its deputies, agents and employees to handle the usual and recurring situations with which they must deal with, including but not limited to encounters with individuals in pretrial custody with mental illness. These defendants and each of them knew that its failure to adequately train its deputies, agents and employees to interact with individuals suffering  from mental  illness and/or withdrawing from drug addiction  made it highly predictable that its deputies, agents and employees would engage in conduct that would deprive persons such as NATHANIEL LEE LOWE , and thus Plaintiffs SANDRA JEAN SUSNARA, NICOLE LYNN LOWE, and BRANT I. LOWE,  of their  rights. These Defendants were thus deliberately indifferent to the obvious consequences of their failure to train their deputies, agents and employees adequately.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

130.   Defendants BUTTE COUNTY and CFMG's/Wellpath's official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the constitutional rights of Plaintiffs SANDRA JEAN SUSNARA, NICOLE LYNN LOWE, and BRANT I. LOWE, and NATHANIEL LEE LOWE  by each individual Defendant's official policies and/or longstanding practices or customs are so closely related to NATHANIEL LEE LOWE 's injuries and death and thus the deprivation of the rights of Plaintiffs SANDRA JEAN SUSNARA, NICOLE LYNN LOWE, and BRANT I. LOWE, as to be the moving force causing those injuries.

131.   Sheriff HONEA, a final policymaker for BUTTE COUNTY , ratified the actions and omissions of the medical staff Defendants and the other involved officers in that he had knowledge of and made a deliberate choice to approve their  unlawful acts and omissions.

132.   As a direct and proximate result of the foregoing wrongful acts, Defendants, and each of them, Plaintiffs sustained general damages, including grief, emotional distress and pain and suffering, loss of comfort and society, in an amount in accordance with proof.

133.   In doing the foregoing wrongful acts and omissions, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of

Plaintiffs SANDRA JEAN SUSNARA, NICOLE LYNN LOWE, and BRANT I.

LOWE, and NATHANIEL LEE LOWE . The wrongful acts, and each   of   them,

were   willful,   oppressive, fraudulent,  and malicious, thus warranting the award of

punitive damages against each individual Defendant (but not the entity Defendant) in

an amount adequate to punish the wrongdoers and deter future misconduct.

## TENTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA GOVERNMENT CODE § 845.6)
### (Plaintiffs Against Defendants Burton in his Individual Capacity;
### Mariana Dominguez, DOES 1-10)

125.   Plaintiffs re-allege and incorporate by reference the allegations

contained in this complaint, as though fully set forth herein.

126.   Pursuant to California Government Code §§ 844.6 and 845.6, these

Defendants had a duty to monitor, check and respond to the persons under their

custody, supervision and control.

127.   Plaintiffs Against Defendant, Warden Burton and DOES 1-10 knew or

had reason to know that NATHANIEL LEE LOWE, even before he arrived at DVI

that he was in need of immediate and a higher level of medical care, as his records

from BUTTE COUNTY JAIL should have been transferred to CDCR and DVI

before November 8, 2018.  Defendants failed to take reasonable steps and actions to

summon and/or to provide him access to such medical care and treatment for him

under such circumstances. Each such individual Defendant, employed by and acting

within the course and scope of his or her employment with CDCR knowing and/or

having reasons to know this, failed to take reasonable action to summon and/or

provide NATHANIEL LEE LOWE  access to such care, treatment, and medically

appropriate housing in violation of California Government Code § 845.6.

128.   On November 8, 2019 Mariana Dominguez performed a mental

evaluation and based on NATHANIEL LEE LOWE 'S condition Maria Dominguez

knew or should have known of NATHANIEL LEE LOWE 's suicidal ideation and

failed to provide medical attention for NATHANIEL LEE LOWE .

129.   As a proximate cause of the aforementioned acts and omissions of

defendants under Government Code sections 845.6 and 815.2, Plaintiffs were

injured as set forth above and are entitled to all damages allowable under California

law. Plaintiff sustained serious and permanent injuries and is entitled to damages,

penalties, costs, and attorneys' fees as set forth above.

### ELEVENTH CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Against MARIANA DOMINGUEZ)

130.   Plaintiffs re-allege and incorporate by reference each and every

allegation contained in this complaint, as though fully set forth here.

131.   Individual MARIANA DOMINGUEZ failed to review NATHANIEL

LEE LOWE  records from his prior facility, BUTTE COUNTY JAIL, and as a result

deprived NATHANIEL LEE LOWE  of the rights, privileges  and  immunities

secured by  the Fourth and Fourteenth Amendment of the United States Constitution,

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

by subjecting him, or through their deliberate indifference, allowing others to subject him, to delay and denial of medical or mental health care and/or access thereto for a serious but treatable medical or mental health condition.

132.    This Defendants knew or should have known that NATHANIEL LEE LOWE  had suicidal ideations or behaviors as set forth above; Defendants knew or must have known that NATHANIEL LEE LOWE  could not care for himself; he could not seek outside jail medical care, nor advocate for his urgently needed psychiatric intervention, and/or appropriate suicide observation protocols. Defendants ignored their duty of care to NATHANIEL LEE LOWE , with their actions and inactions they caused lapses and a lack of continuum of indicated care and treatment and indicated appropriate housing, which they knew or should have known, would cause or worsen his already deteriorating mental health condition.

133.    This Defendant knew or must have known that NATHANIEL LEE LOWE 's medical or mental health condition was serious but treatable and that NATHANIEL LEE LOWE  required access and delivery to urgently needed medical/mental health care, and they further had a duty to provide NATHANIEL LEE LOWE  reasonable security and indicated housing to accommodate his mental health condition. These Defendants knew or should have known that if not treated, NATHANIEL LEE LOWE 's mental health would continue to deteriorate, worsen and cause him harm and/or death.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

134.    MARIANA DOMINGUEZ performed a psychological examination of NATHANIEL LEE LOWE . The examination was so poorly conducted that NATHANIEL LEE LOWE , who clearly was suicidal and had expressed it just weeks before was misdiagnosed by MARIANA DOMINGUEZ. DOMINGUEZ was directly responsible  for  the  direct  misdiagnosis and was deliberate indifference to the serious psychiatric and medical needs of NATHANIEL LEE LOWE .

135.    As a result of DOMINGUEZ'S deliberate indifference and/or reckless disregard for NATHANIEL LEE LOWE 's security, safety, wellbeing, and appropriate and indicated housing and observation and/or transfer to a higher level of care and her disregard and ignoring of said inadequate and incompetent conditions for NATHANIEL LEE LOWE 's needed medical care and treatment, NATHANIEL LEE LOWE  suffered damages as set forth.

136.    By the actions and omissions described above, defendants and each of them, violated 42 U.S.C. § 1983, depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the U .S. Constitution:

137.    a.    The right to be free from an unreasonable ongoing seizure as a pretrial detainee as secured by the Fourth and Fourteenth Amendments;

138.   b.   The right to be free from deliberate indifference to his serious medical needs while in custody as a pretrial detainee as secured by the Fourteenth Amendment;

139.   c.   The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship, society and support of each other, as secured by the First and Fourteenth Amendments.

140.   As a direct and proximate result of the foregoing, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees as more specifically stated above.

## TWELFTH CAUSE OF ACTION
### (42 U.S.C. § 1983) Failure to Protect
### ((Plaintiffs Against Defendants Burton in his Individual Capacity; Correctional Staff DOES 1-10)

141.   Plaintiffs re-allege and incorporates by reference the allegations contained in this complaint, as though fully set forth herein.

142.   At all material times, Defendants owed NATHANIEL LEE LOWE  the duty to review his criminal and medical records which should have been sent from BUTTE COUNTY JAIL to CDCR and DVI prior to NATHANIEL LEE LOWE arriving at DVI on November 8, 2019.  The Defendants' failure to review such records was an act of deliberate indifference which deprived NATHANIEL LEE LOWE  of the medical care he needed.

143.    At all material times, Defendants Burton in his Individual Capacity; and Correctional Staff DOES 1-10 were responsible to perform Title 15 safety checks which defendants failed to perform on November 11, 2019.

144.    Defendants Burton in his Individual Capacity; and Correctional Staff DOES 1-10 defendants and DOES 1-10 acted with deliberate indifference to NATHANIEL LEE LOWE 's safety by failing to provide and perform the required TITLE 15 safety  checks; Defendants failed to provide adequate, competent and timely safety checks and to provide treatment, security, supervision and/or access to indicated needed mental health care abandoning his care and treatment, thus enabling and contributing to his death.

145.    These general duties of reasonable care and due care owed to NATHANIEL LEE LOWE  by all Defendants include, but are not limited, to the following specific obligations:

    a.  To provide safe and appropriate prison custody for NATHANIEL LEE LOWE, including reasonable classification, monitoring, and housing, including placing him in an adequately monitored cell away from violent and combative inmates;

    b.  To obey Court Orders for the care and safety of inmates, such as NATHANIEL LEE LOWE;

    c.  To summon necessary and appropriate medical care for NATHANIEL

LEE LOWE ;

   d. To use generally accepted law enforcement and prison procedures that are reasonable and appropriate for Plaintiffs' status as a mentally ill and/or emotionally disturbed person;

   e. To refrain from abusing their authority granted to them by law; and,

   f. To refrain from violating Plaintiffs' and NATHANIEL LEE LOWE 's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

146.   By the acts and omissions set forth more fully in the paragraphs above, Defendants acted negligently and breached their duty of due care owed to NATHANIEL LEE LOWE, which foreseeably resulted in the suffering of damages by NATHANIEL LEE LOWE  and Plaintiffs.

<b>THIRTEENTH CAUSE OF ACTION</b>
<b>(MEDICAL NEGLIGENCE-Wrongful Death)</b>
<b>(Plaintiffs Against Defendants MARIANA DOMINGUEZ; DOES 1-10)</b>

147.   Plaintiffs re-allege and incorporate by reference the allegations Contained in this complaint, as though fully set forth herein.

148.   NATHANIEL LEE LOWE  was examined by MARIANA DOMINGUEZ. She negligently performed a psychological exam of NATHANIEL LEE LOWE and failed to review his records from BUTTE COUNTY.   MARIANA DOMINGUEZ and DOES 1-10, acting within the course and scope of her

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

employment with CDCR/DVI negligently, carelessly and unskillfully cared for, attended, handled, controlled; failed to monitor and follow-up; abandoned; failed to classify, failed to appropriately diagnose and/or refer NATHANIEL LEE LOWE to specialist mental/medical care providers; negligently failed to provide physician, psychiatric, psychological care; carelessly failed to detect, monitor, and follow-up with his condition; and negligently, carelessly and unskillfully failed to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient and dependent pre-trial detainee NATHANIEL LEE LOWE.   As a direct and legal result of the aforesaid negligence and carelessness of Defendants' actions and omissions, Plaintiffs sustained injuries and damages, and against these Defendants, and each of them, are entitled to compensatory damages as described above and as applicable to this claim for Medical Negligence, to be proven at time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

1.      Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

2.      Punitive damages under 42 U.S.C. § 1983, federal law, and California law, in an amount according to proof and which is fair, just, and reasonable against the individual Defendants only;

3.     All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ 377.20 et seq., 377.60 et seq., and 1021.5; the ADA; the RA; California Civil Code §§ 52 et seq., 52.1; and as otherwise may be allowed by California and/or federal law;

4.     For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby respectfully demand a jury trial in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 30, 2020          **CURD, GALINDO & SMITH LLP**

*/s/ Alexis Galindo*
ALEXIS GALINDO
Attorneys for Plaintiffs